IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-20161
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIAM E. JONES,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-99-CV-3202
--------------------
December 13, 2000

Before DAVIS, JONES, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant William E. Jones ("Jones"), appeals a judgment in favor of Plaintiff-Appellee United States ("the Government"), entered by the district court as a "Judgment Nihil Dicit." This matter arose from the Government's attempt to collect certain defaulted student loans from Jones.

After Jones filed an answer generally denying the allegations against him, the Government moved for summary judgment. Several days later, the district court entered a judgment nihil dicit, later explaining that Jones had failed "to articulate in his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

answers a legally recognizable defense to a promissory note ....
[and failed to plead] a fact that if true would impede the
government's claim on the promissory note."

"Judgment nihil dicit," a form of default under common
law, is rarely (if ever) utilized in federal cases anymore.
Default proceedings now are covered by Rule 55 of the Federal Rules
of Civil Procedure.

Apparently recognizing the questionable status of
judgment nihil dicit in the federal system, the Government suggests
the district court actually awarded judgment on the pleadings
pursuant to Fed. R. Civ. P. 12(c), but styled as a judgment nihil
dicit. However, even accepting this interpretation, the district
court erred by so ruling.

In deciding a motion for judgment on the pleadings under
Rule 12(c), a court should grant the judgment only if it appears
from the admitted facts that the moving party is clearly entitled
to judgment. See Voest-Alpine Trading USA Corp. v. Bank of China,
142 F.3d 887, 891 (5th Cir. 1998).

However, by entering a general denial, Jones put every
fact in the Government's case at issue. In his amended answer,
Jones also asserted affirmative defenses of payment and accord and
satisfaction. Although Jones may not have been able to provide
evidence to support his denial of each and every allegation, the
proper procedure to test his ability to do so is a motion for
summary judgment under Fed. R. Civ. P. 56, not a motion for
judgment on the pleadings under Rule 12(c). Had the court
proceeded to hear the summary judgment motion filed by the

Government, and assuming the Government could properly support the motion, Jones would not have been able to rest on his denials but would have been required to "set forth specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e).

Therefore, the Judgment Nihil Dicit of the district court is VACATED, and this case is REMANDED for further proceedings in accordance with the Federal Rules of Civil Procedure.